3. The third exception complains of error, particularly in not confining the jury to the commercial value of the timber, as fixed by the stumpage. The proposition contended for by the appellant is not the law. The 4 plaintiff alleged that she needed the timber for plantation purposes; the actual damages was the difference between the value of the plantation before and after the injury, or the damage done by the injury. . See *English v. Clerry,* 3 Hill 279. The proof is by witnesses who are in a position to know, as was allowed in this case.

4. The appellant complains of error, in that his Honor refused to charge that punitive damages could be recovered "only when it is committed through malice, or accompanied by threats, oppression, or violence to the owner or occupant."

We have been cited to no authority, and we know of none, that sustains the proposition. The fifth exception seeks to confine the damages to the stumpage value, and has already been decided against the proposition.

The judgment is affirmed.

---

## 10340

### FREEMAN *ET AL.* v. DAVIS *ET AL.*
### (101 S. E. 855.)

WILLS—PROVISION REQUIRING REMAINDERMAN TO MAKE CERTAIN PAYMENTS NOT A CONDITION PRECEDENT.—Will giving wife life estate in testator's property and providing that upon wife's death the property should go to testator's brother, provided brother "shall within six months after the death of my wife pay my nephew, W., the sum of $300 in money," *held* to create a vested estate in brother; the payment of the $300 to W. not being a condition precedent.

Before GARY, J., Greenwood, Summer term, 1919. Affirmed.

Action by Victoria Freeman and others against William C. Davis and others. Decree for plaintiffs, and defendants appeal.

Following is the Circuit Court's decree referred to in opinion:

This is an action for the recovery of certain real estate particularly described in the complaint herein. The action was properly triable before a jury, but, as the only question in the case seemed to be one of law rather than of fact, the case was by agreement tried on the equity side of the Court.

There is little, if indeed there is any, dispute as to the facts of the case. They may be briefly stated as follows:

Bazzel Davis and William Davis owned a tract of 367½ acres of land as tenants in common. Some time prior to the death of Bazzel Davis they had a parol partition of the land and Bazzel Davis entered into possession of one part of it and William Davis entered into possession of the other part. At that time the houshold of Bazzel Davis consisted of his wife and defendant, William C. Davis, who was a nephew. Bazzel Davis had no children. On the 16th day of October, 1890, Bazzel Davis died, leaving of force his will, which made the following disposition of his property:

"My will is that all of my just debts and funeral expenses shall by my executor hereinafter named be paid out of my estate, as soon after my death as by them shall be found convenient.

"I give, devise and bequeath to my beloved wife, Jane C. Davis, all of my personal property which I now own, or may own at my death, and also all of my real estate that I now own or may own at my death and all money that I may have at my death, to have and to hold the same to her during the term of her natural life.

"And it is my will that at the death of my beloved wife, Jane C. Davis, the whole of my estate shall become the property of my brother, William Davis, provided my brother, William Davis, shall within six months after the death of my wife pay to my nephew, William C. Davis, the sum of three hundred dollars in money."

In the year 1913 William Davis died, leaving as his heirs at law and distributees the plaintiffs, who in due course of

time partitioned his portion of the land among themselves. Jane C. Davis, the widow of Bazzel Davis, died about four years afterwards in November, 1917, but prior to her death she conveyed the tract of land of which Bazzel Davis died seized and possessed to the defendants, William C. Davis and Tocoa Pinson, and they held it after her death and are now in possession.

Within six months after the death of Jane C. Davis the heirs at law of William Davis tendered to William C. Davis $300 and demanded possession of the premises, which was refused. The said amount is now deposited subject to the acceptance of Wm. C. Davis, should he conclude to accept it. Then they brought this action for the recovery of the land.

Plaintiffs' Claims: The claim of the plaintiffs is based upon the last clause of the will wherein it is provided that upon the death of Jane C. Davis the said estate shall become the property of William Davis, provided William Davis shall within six months after the death of the tesator's wife pay to William C. Davis the sum of $300. The plaintiffs claim that, as heirs at law of William Davis, they have the right to perform this condition; in other words, they say that the devise actually vested a title in William Davis, subject to a charge of $300 in favor of William C. Davis, or, if this is not true, that it was devised to William Davis on a condition which was to be performed subsequent to the vesting to title, and that, therefore, title vested in William Davis on the death of Bazzel Davis subject to a subsequent condition.

Defendants' Claim: The defendants, William C. Davis and Tocoa Pinson, claim that the will devises the land to William Davis upon the performance of a condition precedent; in other words, before William Davis took anything under the will, he was required to perform the condition upon which it was given to him, that is, the payment of $300 to William C. Davis, and, since Wm. Davis died before the

life tenant, Jane C. Davis, the condition was impossible of fulfillment, and became void.

It is apparent from the claims of the parties that the controlling question involved in this case is whether the condition is a condition precedent or a condition subsequent or a simple charge against the estate.

It is conceded that, if it creates a charge against the estate, or if the condition is a condition subsequent, it can be performed by the heirs at law of William Davis, and they have practically performed it by the tender. So the contention is narrowed down to the sole question of whether the condition set forth in the will is a condition precedent. If it is a condition precedent, plaintiff's case fails; for, in order for the plaintiffs to recover, title must be shown to have vested at some time in William Davis, their ancestor through whom they claim. If such title did not vest, then they have no interest for the will undertakes to give them nothing.

It will not be necessary to determine whether the words of the will referred to create a condition subsequent or a charge upon the estate, if it should be determined that these words do not create a condition precedent; for, as previously stated, it is conceded that, if these words do not create a condition precedent, the plaintiffs must prevail, for the condition has been complied with, if the plaintiffs had the right to comply with it.

The purpose of all rules of construction is to ascertain the intention. When this is done, effect must be given to it, if it can be done without violating any settled rule of law. In ascertaining the intention, "it is necessary that the whole instrument should be considered, and effect must, if practicable, be given to every clause and word in it." *Shaw v. Robinson,* 42 S. C. 342, 20 S. E. 161.

What was the intention of the testator as gathered from a consideration of the words of his will? As I see it, it was to provide for his wife during her lifetime, to vest the remainder of his estate in his brother, William, and to

secure to his nephew, Wm. C. Davis, the payment of $300 from his estate within six months after his brother, William, had entered upon the enjoyment of his transmissible interest or vested estate.

By the words of the clause in question the testator directs that the whole of his estate shall become the property of his brother at the death of testator's wife. His brother is then allowed six months in which to pay the nephew $300. The direction was direct and unequivocal that the estate shall become the property of William at a particular time, six months before the performance of the condition or charge, whatever it may be was necessary. Who was to take the remainder and the time when the remaindedmen was to take were both definite and certain. These are the essentials of a vested remainder.

Chief Justice Marshall, in *Finlay v. King,* 3 Pet. 374, 7 L. Ed. 701, uses this language which seems pertinent to the issue before us: "It was admitted in argument, and is certainly well settled, * * * that there are no technical appropriate words which always determine whether a devise. be on a condition precedent or subsequent. The same words have been determined differently; and the question is a question of intention. If the language of the particular clause, or of the whole will, show that the act on which the estate depends MUST be performed before the estate CAN vest, the condition is, of course, precedent; and, unless it be performed, the devisee can take nothing. If, on the contrary, the act does not NECESSARILY PRECEDE the vesting of the estate, but MAY ACCOMPANY or FOLLOW IT, if this is to be collected from the whole will, the condition is subsequent." (Capitals mine.)

With this rule of construction before us, we have concluded from the words of the will that a condition precedent was not created nor intended by the testator to be created.

The research of counsel has placed before me many cases which in varying degrees confirm the conclusion I have reached. It is not necessary that they should be reviewed in this decree. The conclusion reached by me is the important announcement here, rather than to display and analyze an array of authorities bearing, some closely, some remotely, upon that conclusion.

It is, therefore, hereby ordered, decreed, and adjudged that the plaintiffs are the owners of the lands sued for in the complaint and are entitled to the possession thereof.

*Messrs. Earle & Greene* and *Grier, Park & Nicholson,* for appellants, submit: *That the will of Bazzel Davis devised the lands to William Davis upon a condition precedent, and the condition not having been performed the respondents, heirs at law of William Davis, have no claim whatever to the lands in question:* Minor's Institutes, vol. II, pp. 261, 265, 266; 15 S. C. 442; 2 Strob. Eq. 212; 40 Cyc. 1649; 19 S. C. 170; 63 S. C. 490; 3 Rich. Eq. 316; 2 Rich. Eq. 42; 28 S. C. 325; 3 S. C. 212; Rich. Chanc. 321; Jarman on Wills, vol. II, p. 2, p. 10, p. 13, 5th Ed.; 4 Kent Com. 144-145; Corpus Juris, vol. XII, 407; Tiffany on Real Estate, vol. I, p. 65; 63 S. C. 490; 63 S. C. 252; *Rothwaller v. Miles,* 4 Eq. 215; 40 Cyc. 1717, 1718; 6 Am. and Eng., 2d Ed. 504. *The intent of the testator is the guiding principle:* 10 S. C. 366. *The words of this will certainly create a technical condition precedent:* 7th Amer. Dec. 264; 28 S. C. 326. *Illustrations of conditions precedent:* Tiffany on Real Property, vol. I, No. 65; 12 Corpus Juris 407n, 18; 95 Ill. 206; 42 S. C. 372; 28 S. C. 325; 63 S. C. 490-1; 6 Rich. Eq. 217; 40 Cyc. 1691-2. *Conditions precedent must be strictly performed:* 40 Cyc. 1717-1718; 6 A. & C. (2d Ed. 1504); 28 S. C. 326. *Conditions precedent must be strictly construed:* 19 S. C. 181-2; 7 Amer. Dec. 264.

*Messrs. Tillman & Mays,* for respondents, submit: *The will created a charge on the land:* 74 S. C. 486; 46 S. C.

169-180; 68 S. C. 336; 79 A. S. R. 765 (note); 55 Wis. 637; 13 N. W. 873; 61 Minn. 326; 63 N. W. 736; Gardner on Wills, p. 581; 111 Ill. 382; 78 Me. 504; 7 Atl. 383; 23 R. I. 180; 49 Atl. 699; 106 Mich. 695; 64 N. W. 730; 49 N. J. Eq. 344; 25 Atl. 963; 96 N. C. 358; 2 S. E. 528; 60 Am. Rep. 420; 119 Pa. 645; 13 Atl. 483; 40 Cyc., p. 1697. *If condition, what kind?* 3 Peters 374; 102 A. S. R. 469 (note); 79 Am. St. Rep. 750; 85 Md. 79; 60 Am. St. Rep. 308; 36 Atl. 354; 35 L. R. A. 692; Gardner on Wills, paragraphs 491 and 494; 44 Am. Dec. 744 (note); 78 S. C. 118; 87 S. C. 65; 60 A. S. R. 308; 6 Rich. Eq. 219; 7 Am. Dec. 264; 1 Ves. 147; 63 S. C. 474. *Under the facts here it is a condition subsequent:* 38 Me. 18; 40 Cyc. 1719.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The decree of the Circuit Court is affirmed for the reasons therein stated.

Affirmed.

---

### 10332

## WILSON v. PALMETTO NATIONAL BANK OF COLUMBIA.
### (101 S. E. 841.)

1. JURY—QUESTION TO JUROR AS TO ANY INDEBTEDNESS TO DEFENDANT BANK NOT REFLECTION ON DEFENDANT.—In an action against a bank for failure to honor plaintiff depositor's check, the question by the Court to the jurors whether any of them were indebted to defendant bank was not erroneous as suggesting that the bank was such a harsh creditor that it would take vengeance on any of its debtors who should render verdict against it.

2. JURY—RIGHT TO FAIR JURY AND CONSEQUENT PROPER CONDUCT OF COURT IN PROCURING IT.—The parties to an action are entitled to a fair and impartial jury, and the trial Court is to be commended for trying to secure such a jury, as by seeking to discover whether any of the jurors were related to plaintiff or were employees, stockholders, or debtors of defendant bank.